| Size | Entered during 1961 | Entered during 1962 | Entered during 1963 |
|---|---|---|---|
| | | DISCOUNT | |
| $\frac{1}{8}$ | 54% | 38% | 53% |
| $\frac{5}{32}$ | 58% | 52% | 58% |
| $\frac{3}{16}$ | 60% | 38% | 56% |
| $\frac{1}{4}$ | 53% | 45% | 53% |
| $\frac{9}{32}$ | 76% | 76% | 74% |
| $\frac{5}{16}$ | 75% | 74% | 74% |
| $\frac{11}{32}$ | None | None | 79% |
| $\frac{13}{32}$ | None | None | 80% |
| $\frac{15}{32}$ | None | None | 80% |
| $\frac{11}{16}$ | None | None | 80% |
| $\frac{9}{16}$ | None | None | 80% |
| $\frac{17}{32}$ | None | None | 80% |
| $\frac{3}{8}$ | None | None | 76% |
| $\frac{1}{2}$ | None | None | 77% |
| $\frac{7}{16}$ | None | None | 75% |

5. That the instant appeals are submitted for decision on this stipulation.

Upon the agreed facts, I find foreign value, as defined in section 402a(c) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, to be the proper basis for determining the value of the steel balls, covered by the instant appeals for a reappraisement, and that such value is the appraised unit value indicated on the invoices in red ink, less discounts set forth in paragraph 4 of the above-quoted stipulation, less 2 percent, plus export packing of 90 pesetas per case.

Judgment will be entered accordingly.

(Reap. Dec. 10986)

THE HIPAGE CO., INC. v. UNITED STATES

Entry No. 1734, etc.

(Decided May 19, 1965)

*Barnes, Richardson & Colburn* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

DONLON, Judge: The appeals for reappraisement recited in schedule "A," attached to and made a part of this decision, have been sub-

mitted for decision upon the following stipulation of counsel for the parties:

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, subject to the approval of the Court as follows:

1. That the merchandise covered by the appeals for reappraisement enumerated in Schedule "A" annexed consists of canned corned beef, in 6-pound tins, packed in cases of 12 tins, produced by International Products Corp. of Paraguay, and exported from Paraguay, pursuant to purchase agreement, between January 1, 1959 and October 27, 1959.

2. That the involved merchandise was entered, or withdrawn from warehouse for consumption, after the effective date (February 27, 1958) of the Customs Simplification Act of 1956 (T.D. 54165); that the merchandise is specified in the Final List published by the Secretary of the Treasury (T.D. 54521), pursuant to said Customs Simplification Act; that appraisement was accordingly made under the provisions of section 402a of the Tariff Act of 1930 as amended by said Customs Simplification Act.

3. That, at the times of exportation of this merchandise, such or similar merchandise was not freely offered in the principal markets of Paraguay, in the usual wholesale quantities and in the ordinary course of trade, for sale to all purchasers, either for domestic consumption in Paraguay or for exportation to the United States.

4. That the merchandise was accordingly appraised under United States value, section 402a(e) of the Tariff Act of 1930 as amended; that neither party challenges the basis of appraisement.

5. That the merchandise and the issues are the same in all material respects (except for brand names) as those involved in *Berns & Koppstein, Inc., et al.* v. *United States*, Reappraisement Decision 10589; that the record in said case may be incorporated in the record herein.

6. That on or about the dates of exportation of the involved merchandise, such merchandise imported by the consignee herein (Hygrade Food Products Corp.) was not freely offered for domestic consumption to all purchasers in the principal market of the United States.

7. That on or about the said dates of exportation similar merchandise imported by International Packers Limited was freely offered for domestic consumption to all purchasers in the principal market of the United States.

8. That the United States selling price of the said similar merchandise imported by International Packers Limited in the usual wholesale quantities and the ordinary course of trade, the cost of transportation and insurance and other necessary expenses from the place of shipment to the place of delivery, the general expenses incurred by International Packers Limited, and the allowance for duty, are as indicated in Schedule "B" annexed.

9. That the actual profit realized by International Packers Limited upon the sale in the United States of the said similar merchandise, was no less than the statutory maximum profit of 8 percent, as indicated in said Schedule "B".

10. That the appeals enumerated in said Schedule "A" may be submitted for decision upon the incorporated record and this stipulation, the same being limited

to the merchandise and dates of exportation described in paragraph one, *supra*, and to the issues described hereinabove and abandoned in all other respects.

Accepting this stipulation as an agreed statement of facts and on authority of the decision cited therein, I find and hold that United States value, as defined in section 402a(e) of the Tariff Act of 1930, renumbered by the Customs Simplification Act of 1956 (T.D. 54165), is the proper basis for determining value of the canned corned beef in 6-pound tins, packed in cases of 12 tins, produced by International Products Corp. of Paraguay, exported from Paraguay during the period January 1, 1959, through October 27, 1959, described on the invoices of the entries covered by the appeals for reappraisement recited in schedule "A," and that such values, per dozen tins, are the respective values recited in schedule "B," attached to and made a part of this decision, during the respective periods which correspond to the periods of exportation recited in said schedule "B," of the canned corned beef covered by the appeals for reappraisement recited in schedule "A."

As to all other merchandise, these appeals for reappraisement are dismissed.

Judgment will be entered accordingly.